United States District Court
Southern District of Texas

**ENTERED**

May 27, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00131 |
| | § | |
| MAISON INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

### ORDER ADOPTING MAGISTRATE JUDGE'S
### MEMORANDUM AND RECOMMENDATION

On April 23, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 7. Judge Edison filed a memorandum and recommendation sua sponte on April 30, 2026, recommending that that the court order the conditional dismissal of this lawsuit without prejudice unless the plaintiff appears through licensed counsel within 30 days from the date the memorandum and recommendation is adopted. Dkt. 9.

On May 9, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 12. The plaintiff simultaneously filed a motion for appointment of counsel and a motion to stay, requesting the same relief requested in his objections. Dkts. 13, 14. Because these motions request the same relief requested in the plaintiff's objections, the court will address these two motions alongside the plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1)(C),

this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The plaintiff first objects that Judge Edison misapplied certain authorities cited in his memorandum and recommendation, and that he treated as controlling authority the opinion issued in *M2 Technology, Inc. v. M2 Software, Inc.*, 589 F. App'x 671 (5th Cir. 2014). Dkt. 12 at 5–6. This objection is overruled. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). It is this centuries-old, binding precedent that underpins Judge Edison's memorandum and recommendation. Binding Fifth Circuit authority is not required for this court to follow the uniform rule adopted by every federal court to confront the issue and hold that where "the lay individual chose to accept the advantages of incorporation," he "must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims." *Jones v. Niagara*

*Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quotation omitted). Assignment of an LLC's claims does not defeat this rule.

The plaintiff next objects that he has standing as the real party in interest under *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008), the Mandatory Victims Restitution Act, and his direct individual injury as the licensed professional whose labor underpins the claims at issue. This objection is overruled. To start, *Sprint* did not address whether a non-lawyer may proceed pro se on behalf of an LLC and has no bearing here.

Nor does the Mandatory Victims Restitution Act have any bearing on whether the plaintiff may represent his LLC. The plaintiff, an incarcerated felon, refers to himself as "the federally-directed restitution-recovery vehicle." Dkt. 12 at 6. The court is unfamiliar with this term, which does not appear in any case law or the Mandatory Victims Restitution Act. The plaintiff argues that because he allegedly "holds legal title to [his LLC's] receivable under a federally-disclosed transfer that pre-existed this litigation and was made for federal restitution-coordination purposes," he has standing. *Id.* at 6–7. The plaintiff "points to no authority for his proposition that when [a federal district court in an unrelated criminal action] determines an LLC is an individual [criminal defendant's asset] for [restitution] purposes, the LLC should be disregarded for all purposes, including when determining whether an LLC's sole member has standing to assert a . . . claim alleging harm to the LLC or when applying federal law requiring

3

business entities to appear in court only through licensed counsel." *Lunnon v. United States*, No. 21-2140, 2022 WL 17729999, at *6 (10th Cir. Dec. 16, 2022).

The plaintiff also contends that he has claims against the defendants in his individual capacity—namely, as "the licensed individual public adjuster whose personal labor generated the compensation at issue." Dkt. 12 at 6. If the plaintiff believes that he has claims to assert solely as an individual and not as the sole member of his LLC or as an assignee of its claims, the court will permit him to amend his complaint to assert such claims.

In his third objection, the plaintiff argues that Judge Edison wrongly recommended dismissal without first affording the plaintiff an opportunity to cure under Rule 17(a) and *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302 (5th Cir. 2001). This objection is overruled. Unlike here, the court in *Wieburg* dismissed the action outright. Judge Edison recommended *conditional* dismissal if the plaintiff does not appear through licensed counsel within 30 days. If the plaintiff does appear through licensed counsel, the action will not be dismissed. If the plaintiff does *not* appear through licensed counsel, the action *will* be dismissed, but only once the 30 days have passed. Conditional dismissals are a standard means for dealing with the substitution of the real party in interest. *See, e.g.*, *Wright v. Sears Roebuck & Co.*, No. CIV.A. 09-1498, 2010 WL 6032803, at *5 (W.D. La. Oct. 19, 2010) (holding that the remedy under Rule 17 is conditional dismissal unless the real party in interest joins the litigation), *report and recommendation adopted*, No. CIV.A. 09-1498, 2011 WL 867252 (W.D. La. Mar. 10, 2011).

4

In his fourth and final objection, the plaintiff argues that Judge Edison should have considered appointing counsel under 28 U.S.C. § 1915(e)(1) and *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015). This objection is overruled. The United States Supreme Court held more than 30 years ago that § 1915 extends only to natural persons. *See Rowland*, 506 U.S. at 208. Thus, the court has no power to appoint counsel to a corporate plaintiff under § 1915.

While the Fifth Circuit recognized a district court's "inherent power to appoint counsel for an insolvent corporate criminal defendant," this court is unaware of any authority that would support appointing counsel for a corporate *plaintiff* in *civil* litigation. *Naranjo*, 809 F.3d at 802. Assuming the court has such inherent power, the court declines to use it. If the value of this litigation is as great as the plaintiff believes, he should have no difficulty securing counsel on a contingency basis. For this reason, the court also declines to appoint counsel to plaintiff in his individual capacity.

It is therefore ordered that:

(1)   Judge Edison's memorandum and recommendation (Dkt. 9) is approved and adopted in its entirety as the holding of the court;

(2)   The plaintiff has 30 days from the date of this order to file an amended complaint asserting claims solely in his individual capacity and not as the sole member of his LLC or an assignee of its claims;

(3)   The plaintiff's motion for appointment of counsel (Dkt. 13) is denied;

(4)   This case is conditionally dismissed unless, within 30 days from the entry of this order, the plaintiff appears through licensed counsel to pursue his LLC's claims or files an amended complaint asserting only

5

individual claims against the defendant and not as his LLC's sole member or as an assignee of his LLC's claims; and

(5)    The plaintiff's motion to stay (Dkt. 14) is granted, in that all other deadlines in this case are stayed for the next 30 days.

SIGNED on Galveston Island this 27th day of May 2026.

_____

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

6